**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DWAYNE K. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD ) | |
| CORPORATION, d/b/a METRA, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff, DWAYNE K. STEWART, by and through his attorneys, Timothy J. Coffey of The Coffey Law Office, P.C., complains of Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA as follows:

### **Nature of Case**

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's discriminatory acts in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

### **Jurisdiction and Venue**

2. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendant's illegal acts complained of herein took place at Defendants' offices located within the geographical jurisdictional boundaries of this

Court.

4. On December 16, 2005, Plaintiff Dwayne K. Stewart (hereafter "Dwayne") filed a timely charge of illegal race discrimination in violation of Title VII with the local district office of the EEOC. On August 12, 2009, the EEOC mailed its Notice of Right to Sue to Dwayne at his former address in Lansing, Illinois. Dwayne never received this mailing and it went unclaimed at the U.S. Post Office and was eventually returned to the EEOC.

5. On or about November 17, 2009, the EEOC reissued its Notice of Right to DS Sue to Dwayne at his then current address in Harvey, Illinois. Dwayne received the reissued Notice from the EEOC on November 21, 2009. This Complaint is being filed within 90 days of Dwayne's receipt of the EEOC Right to Sue Notice.

## The Parties

6. Dwayne is an African American male residing at all relevant times in Cook County, Illinois.

7. Defendant Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra (hereafter "Metra"), is and was at all times relevant hereto an Illinois public corporation duly licensed to conduct business in Illinois, and operating and maintaining numerous rail lines within the geographical jurisdiction of this Court, where the illegal activities described below took place.

8. At all relevant times, Metra employed in excess of 15 employees at its various facilities within this Court's a geographical jurisdiction, and was thus an employer and covered entity as defined under the Title VII.

**Common Facts**

9. In January 1995, Dwayne began his employment with Metra in the position of Electrician.

10. On or about July 2001, Metra promoted Dwayne to the position of Mechanical Foreman.

11. On December 5, 2005, Metra terminated Dwayne's employment.

12. Metra had no legitimate reason for terminating Dwayne's employment.

13. Metra's asserted reason for the termination is a pretext to hide its true racial motivation for terminating Dwayne's employment

14. At all relevant times, Dwayne's work performance met or exceeded Metra's legitimate expectations.

15. Metra treated similarly situated, non-African American employees accused of similar misdeeds and/or misdeeds of comparable seriousness more favorably.

**Race Discrimination in Violation of Title VII**

16. Dwayne realleges and reaffirms the allegations of paragraphs 1 through 15, above, and sets them forth as paragraph 16, *in haec verba*.

17. Title VII makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of his or her race.

18. Metra terminated Dwayne's employment because of his race in violation of Title VII.

19. As a direct and proximate result of Metra's illegal race discrimination as described above, Dwayne has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits

and other pecuniary and non-pecuniary damages.

20. Metra knew that its acts as described above were prohibited by Title VII, or acted with reckless disregard to that possibility.

**WHEREFORE**, Plaintiff, DWAYNE K. STEWART, respectfully prays unto this Honorable Court to enter judgment against Defendant Metra as follows:

A. Order Metra to make Dwayne whole by paying him appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order Metra to immediately reinstate Dwayne to his former position or one comparable thereto; or, in the alternative, order Metra to pay Dwayne an appropriate amount of front pay;

C. Order Metra to pay Dwayne compensatory damages in the maximum amount allowable under the law;

D. Order Metra to pay Dwayne punitive damages in the maximum amount allowable under the law.

E. Order Metra to pay Dwayne's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F. Try all issues of fact to a jury; and,

G. Grant such other relief as the Court deems just.

> Respectfully submitted,
> Plaintiff, DWAYNE K. STEWART,
>
> By:     /s/ Timothy J. Coffey
>         Timothy J. Coffey, Esq.
>         THE COFFEY LAW OFFICE, P.C.
>         Attorneys for DWAYNE K. STEWART
>         210 S. Des Plaines Street
>         Suite 910
>         Chicago, IL   60661
>         (630) 534-6300