# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1111 | **DATE** | 11/02/2010 |
| **CASE TITLE** | Dwayne K. Stewart vs. Northeast Illinois Regional Commuter Railroad Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court denies without prejudice the parties' agreed motion for a protective order [doc. no. 29].

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

   Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 220 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

   In this case, the Court finds that the parties have not shown good cause to seal the information sought to be protected by the Agreed Protective Order. Therefore, the Court cannot enter such an Order.

   As an initial matter, the parties' definition of confidential information is too broad. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. The language in ¶ 1(b) defines as confidential "employee[] records that are kept in the regular course of business by the employer" and all documentation that includes "[employees'] unlisted addresses and telephone numbers, social security numbers, marital status, medical and health information, criminal history, credit information (*e.g.*, request for garnishment of wages) [and] salary and/or benefits data." Although documentation that includes the employees' contact information, social security numbers and medical and health information is narrow enough to satisfy a showing of good cause, the remainder of the definition is not. Second, the parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim

| STATEMENT |
|---|

of confidential business information, this standard demands that the company prove that disclosure will result in clearly defined and very serious injury to its business. *Id.* (quotations omitted).

Second, the Order (specifically ¶ 8) must be modified to state that entire pleadings must not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) must be filed in addition to sealed unredacted versions.

Third, the Order is defective to the extent that it is not limited to pretrial discovery and apparently is intended to protect the documents at issue even after they are introduced at trial. *See Citizens*, 178 F.3d at 945; *In re Krynicki*, 983 F.2d at 75.

Fourth, the Order should have explicitly stated that either a party *or an interested member of the public* may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

Fifth, the Order (specifically ¶ 14) should be modified to exclude any confidential material filed with the Court because the Court strictly and fully enforces Local Rule 26.2(g).

Sixth, the last clause of ¶ 13 shall be stricken because the Court will not retain jurisdiction merely to enforce a Protective Order after the conclusion of the case. Lastly, the Court strikes ¶ 13 to the extent that it attempts to create personal jurisdiction over persons and entities that have not agreed to be bound by the protective order.